FILED
John E. Triplett, Acting Clerk
United States District Court

*By mgarcia at 2:22 pm, Dec 01, 2020*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

EDWIN ROBERTO GIRON-VILLATORO,

       Petitioner,

    v.

WARDEN D. GREENWALT,

       Respondent.

CIVIL ACTION NO.: 5:20-cv-118

## O R D E R

Petitioner Edwin Giron-Villatoro ("Giron-Villatoro"), who is currently incarcerated at the Stewart Detention Center in Lumpkin, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 while he was housed at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia. Giron-Villatoro is challenging his continued detention and seeks bond, parole, or some other similar relief. Doc. 1. He has notified the Court of his change of address, which is the Stewart Detention Center. Doc. 4.

It is now prudent to address the venue of this action. District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of

confinement." <u>Id.</u> at 442–43 (citation omitted).  To this end, the federal courts of this State maintain a "longstanding practice" of transferring § 2241 habeas petitions to the district of incarceration.  28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought . . . .").

The place of Giron-Villatoro's detention, Stewart County, is located in the Columbus Division of the Middle District of Georgia.  28 U.S.C. § 90(b)(3).  Consequently, the Court **ORDERS** this action be **TRANSFERRED** to the United States District Court for the Middle District of Georgia, Columbus Division.  The Court **DIRECTS** the Clerk of Court to transfer this case to the United States District Court for the Middle District of Georgia, Columbus Division.

**SO ORDERED**, this 1st day of December, 2020.


BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA